## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALLEN VIDEO TECHNOLOGY, INC.

          Plaintiff,

   v.

MITSUBISHI ELECTRIC US, INC.,

MITSUBISHI ELECTRIC VISUAL
SOLUTIONS AMERICA, INC., and

MITSUBISHI ELECTRIC CORPORATION,

      Defendants.

Civil Action No.:

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, ALLEN VIDEO TECHNOLOGY, INC., by its attorneys, hereby complains against Defendants MITSUBISHI ELECTRIC US, INC., MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., and MITSUBISHI ELECTRIC CORPORATION as follows:

### I.    PARTIES

1.    Plaintiff, ALLEN VIDEO TECHNOLOGY, INC. ("AVT") is a corporation organized and existing under the laws of the State of Maryland.

2.    Defendant MITSUBISHI ELECTRIC US, INC. is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 5900-A Katella Ave., Cypress, CA 90630 USA.

3.    Defendant MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC. d/b/a Mitsubishi Electric Visual and Imaging Systems, is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 10833 Valley View Boulevard Suite 300, Cypress, CA 90630.

4.     Defendant MITSUBISHI ELECTRIC CORPORATION is a foreign corporation organized and existing under the laws of Japan, with a place of business located at 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan.

5.     Defendants MITSUBISHI ELECTRIC US, INC., MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., and MITSUBISHI ELECTRIC CORPORATION are collectively referred to herein as "MITSUBISHI" or "Defendants."

6.     From 1997 through at least October 2013, MITSUBISHI was engaged in the manufacture and distribution of video projectors, including front projectors and projection television receivers, which infringe the patents asserted herein. On information and belief, in about November 2012, MITSUBISHI discontinued production of DLP rear projection television receivers. On information and  belief, in about October 2013 MITSUBISHI discontinued the manufacture of video projectors, but continues to sell the remaining inventory.

7.     As set forth herein, each of the Defendants has committed and is committing the tort of patent infringement in the State of Maryland.  As such, each of the Defendants is "doing business" in Maryland by either selling their products directly to Maryland consumers or through subsidiaries or through other tributaries in the stream of commerce.

## II.     JURISDICTION AND VENUE

8.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.  This Court has personal jurisdiction over Defendants because they have committed acts giving rise to this action within Maryland and this judicial district and have established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9.      Venue properly lies in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Defendants have committed acts within this judicial district giving rise to this action, and Defendants "reside" in this District as they are subject to personal jurisdiction in this District.  Venue is also appropriate because Defendants are doing business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels. Furthermore, AVT is a resident of Maryland.

### III.  JOINDER

10.      Upon information and belief, joinder of Defendants MITSUBISHI ELECTRIC US, INC., MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., and MITSUBISHI ELECTRIC CORPORATION is proper under 35 U.S.C. §299 due to MITSUBISHI ELECTRIC US, INC. and MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC. having offered for sale the same models of accused products which were manufactured, assembled, distributed, offered for sale, and/or sold, by and/or imported from MITSUBISHI ELECTRIC CORPORATION.

11.      Upon information and belief, the products accused herein were offered for sale by each of the Defendants and are identical.

12.      As a result, there are common questions of fact to all Defendants.

### IV.  CLAIMS

### COUNT ONE – Infringement of U.S. Patent No. 7,220,006

13.      AVT realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 above as if fully set forth herein.

14.     On May 22, 2007, United States Patent Number 7,220,006 ("the '006 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO").  A true and correct copy of the '006 Patent is attached hereto as **Exhibit A**.

15.     AVT is the assignee of the '006 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

16.     MITSUBISHI has infringed and/or is still infringing the '006 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '006 Patent. Such products include, without limitation, MITSUBISHI-branded digital front video projectors and rear projection television receivers (including resident firmware and software) which include a so-called "Variable Iris" / "Dynamic Aperture" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

17.     Exemplary products that fall within the scope of one or more claims of the '006 Patent are the Mitsubishi HC7900DW/HC8000D-BL video front projector and the Mitsubishi WD-65838 (with "Dark Detailer" feature) rear projection television receiver.

18.     MITSUBISHI has committed acts of infringement which have caused damage to AVT. Under 35 U.S.C. § 284, AVT is entitled to recover from MITSUBISHI the damages sustained by AVT as a result of the infringement of the '006 Patent. MITSUBISHI's infringement on AVT's exclusive rights under the '006 Patent will continue to damage AVT

causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

<b><u>COUNT TWO – Infringement of U.S. Patent No. 7,575,330</u></b>

19.     On August 18, 2009, United States Patent Number 7,575,330 ("the '330 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO.  A true and correct copy of the '330 Patent is attached hereto as **Exhibit B**.

20.     AVT is the assignee of the '330 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

21.     MITSUBISHI has infringed and/or is still infringing the '330 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '330 Patent. Such products include, without limitation, MITSUBISHI-branded digital front video projectors and rear projection television receivers (including resident firmware and software) which include a so-called "Variable Iris" / "Dynamic Aperture" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

22.     Exemplary products that fall within the scope of one or more claims of the '330 Patent are the Mitsubishi HC7900DW/HC8000D-BL video front projector and the Mitsubishi WD-65838 (with "Dark Detailer" feature) rear projection television receiver.

23.     MITSUBISHI has committed acts of infringement which have caused damage to AVT.  Under 35 U.S.C. § 284, AVT is entitled to recover from MITSUBISHI the damages sustained by AVT as a result of the infringement of the '330 Patent. MITSUBISHI's

infringement on AVT's exclusive rights under the '330 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

<u>**COUNT THREE – Infringement of U.S. Patent No. 8,520,149**</u>

24.     On August 27, 2013, United States Patent Number 8,520,149 ("the '149 Patent") entitled "Method and Apparatus for Increasing Effective Contrast Ratio and Brightness Yields for Digital Light Valve Image Projectors" was duly and lawfully issued by the USPTO.  A true and correct copy of the '149 Patent is attached hereto as **Exhibit C**.

25.     AVT is the assignee of the '149 Patent and holds the rights to sue and recover for past, present and future infringement thereof.

26.     MITSUBISHI has infringed and/or is still infringing the '149 Patent in the State of Maryland, in this judicial district and elsewhere in the United States by, among other activities, making, using, importing, offering for sale, selling, providing, maintaining and/or supporting, without license or authority, products falling within the scope of one or more claims of the '149 Patent. Such products include, without limitation, MITSUBISHI-branded digital front video projectors and rear projection television receivers (including resident firmware and software) which include a so-called "Variable Iris" / "Dynamic Aperture" feature which utilizes a dynamic iris component to automatically control the effective contrast ratio of a projected video image.

27.     An exemplary product that falls within the scope of one or more claims of the '149 Patent is the Mitsubishi HC7900DW/HC8000D-BL video front projector.

28.     MITSUBISHI has committed acts of infringement which have caused damage to AVT.  Under 35 U.S.C. § 284, AVT is entitled to recover from MITSUBISHI the damages sustained by AVT as a result of the infringement of the '149 Patent. MITSUBISHI's

infringement on AVT's exclusive rights under the '149 Patent will continue to damage AVT causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## V.   PRAYER FOR RELIEF

WHEREFORE, AVT respectfully requests that this Court enter judgment against Defendants MITSUBISHI ELECTRIC US, INC., MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC., and MITSUBISHI ELECTRIC CORPORATION as follows:

(a)     for a declaration that the '006 Patent, the '330 Patent and the '149 Patent are good and valid in law;

(b)     for judgment that Defendants have infringed and/or continue to infringe the '006 Patent, the '330 Patent and the '149 Patent;

(c)     for a permanent injunction under 35 U.S.C. § 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants thereby enjoining any further acts of infringement;

(d)     for damages to be paid by Defendants adequate to compensate AVT for their infringement, together with interest, costs and disbursements, and that damages be increased three times the amount found as justified under 35 U.S.C. 284; and

(e)     for such further relief at law and in equity as the Court may deem just and proper.

## VI.   DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff AVT hereby demands a

jury trial on all issues triable by jury.

Dated: May 20, 2014                    Respectfully submitted,

    /s/ Joseph D. Lewis
Joseph D. Lewis

*Attorneys for Plaintiff*
*ALLEN VIDEO TECHNOLOGY, INC.*

Joseph D. Lewis
(Maryland Federal Bar # 13379)
**BARNES & THORNBURG LLP**
1717 Pennsylvania Ave, NW, Suite 500
Washington, DC 20006
(202) 289-1313 Telephone
(202) 289-1330 Facsimile
Email: joe.lewis@btlaw.com

*Of Counsel:*
Eugene M. Cummings
David Lesht
Martin Goering
**THE LAW OFFICES OF**
**EUGENE M. CUMMINGS, P.C.**
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com

Joseph M. Vanek
Jeffrey R. Moran
**VANEK, VICKERS & MASINI, P.C.**
55 W. Monroe, Suite 3500
Chicago, IL 60603
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
Email: jvanek@vaneklaw.com
Email: jmoran@vaneklaw.com